IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANA GRAY | : |
| | : Case No. 1:16-cv-02512-CC-CMS |
| *Plaintiff,* | : |
| | : |
| v. | : JURY DEMAND |
| | : |
| MEDICAL SERVICES OF | : |
| CHATTANOOGA, INC. a/k/a and d/b/a | : |
| MEDICAL SERVICES OF CHATTANOOGA | : |
| | |
| *Defendant.* | |

## ANSWER

Defendant, Medical Services of Chattanooga, Inc., a/k/a and d/b/a Medical Services of Chattanooga ("Defendant"), by and through its attorneys, Grant, Konvalinka & Harrison, P.C., hereby responds to the Complaint herebefore filed against it by Dana Gray ("Plaintiff").

**FIRST DEFENSE**

In response to the preliminary statement, as well as the individually numbered allegations of the Complaint, Defendant states:

**Preliminary Statement**: Defendant denies the factual allegations of the Preliminary Statement and further denies violating the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act.

1. Defendant admits the allegations of ¶ 1 of the Complaint, upon information and belief.

2. Defendant admits the allegations of ¶ 2 of the Complaint.

3. Defendant is uncertain as to the meaning of "all relevant times hereto," and therefore neither admits nor denies the allegations of ¶ 3 of the Complaint and demands strict proof thereof.

4. Defendant admits the jurisdictional allegations of ¶ 4 of the Complaint but denies violating any of the statutes cited therein.

5. Defendant admits the allegations of ¶ 5 of the Complaint.

6. Defendant admits the allegations of ¶ 6 of the Complaint that venue is proper in this district.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 7 of the Complaint, and therefore denies same and demands strict proof thereof.

8. Defendant denies the allegations of ¶ 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 9 of the Complaint, and therefore denies same and demands strict proof thereof.

10. Defendant admits that the number set forth in ¶ 9 of the Complaint is one of its telephone numbers.

11. Defendant denies the allegations of ¶ 11 of the Complaint.

12. Defendant admits the allegations of ¶ 12 of the Complaint, but denies that it is a "debt collector" as that term is used in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and further denies any violation of the law.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 13 of the Complaint, and therefore denies same and demands strict proof thereof.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 14 of the Complaint, and therefore denies same and demands strict proof thereof.

15. Defendant denies the allegations of ¶ 15 of the Complaint.

16. Defendant denies the allegations of ¶ 16 of the Complaint.

17. Defendant denies the allegations of ¶ 17 of the Complaint.

18. Defendant admits the allegations of ¶ 18 of the Complaint to the extent that any calls Defendant made to Plaintiff had no emergency purpose.

19. Defendant denies the allegations of ¶ 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 20 of the Complaint, and therefore denies same and demands strict proof thereof.

21. Defendant denies the allegations of ¶ 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 22 of the Complaint, and therefore denies same and demands strict proof thereof.

23. Defendant denies the allegations of ¶ 23 of the Complaint.

24. Defendant acknowledges the allegations of ¶ 24 of the Complaint that Plaintiff is entitled to request a jury in this cause.

25. Defendant incorporates its responses to ¶ 1 – 24 as though fully stated herein.

26. Defendant denies the allegations of ¶ 26 of the Complaint.

27. Defendant denies the allegations of ¶ 27 of the Complaint.

28. Defendant denies the allegations of ¶ 28 of the Complaint.

29. Defendant denies the allegations of ¶ 29 of the Complaint.

30. Defendant incorporates its responses to ¶ 1 – 29 as though fully stated herein.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of ¶ 31 of the Complaint, and therefore denies same and demands strict proof thereof.

32. Defendant admits the allegations of ¶ 32 of the Complaint, but denies that it is a "debt collector" as that term is used in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

33. Defendant denies the allegations of ¶ 33 of the Complaint.

34. Defendant denies the allegations of ¶ 34 of the Complaint.

35. Defendant denies the allegations of ¶ 35 of the Complaint.

36. Defendant denies the allegations of ¶ 36 of the Complaint.

37. Defendant incorporates its responses to ¶ 1 – 36 as though fully stated herein.

38. Defendant admits the allegations of ¶ 38 of the Complaint, but denies violating the statute cited therein.

39. Defendant denies the allegations of ¶ 39 of the Complaint.

40. Defendant denies the allegations of ¶ 40 of the Complaint.

41. Defendant denies the allegations of ¶ 41 of the Complaint.

42. Defendant denies the allegations of ¶ 42 of the Complaint.

43. Defendant denies the allegations of ¶ 43 of the Complaint.

44. Defendant denies the allegations of ¶ 44 of the Complaint.

45. Defendant denies the allegations of ¶ 45 of the Complaint.

46. As to the allegations of ¶ 46 of the Complaint, Defendant acknowledges that it does not maintain a place of business in Georgia.

47. Defendant denies the allegations of ¶ 47 of the Complaint.

48. Defendant denies the allegations of ¶ 48 of the Complaint.

49. Defendant denies the allegations of ¶ 49 of the Complaint.

50. Defendant denies the allegations of ¶ 50 of the Complaint.

51. Defendant denies the allegations of ¶ 51 of the Complaint.

52. Any allegations not hereinbefore admitted, denied or explained are here and now denied as though specifically set out herein and denied.

53. In response to the prayer for relief, Defendant avers that Plaintiff is entitled to nothing from Defendant.

### SECOND DEFENSE

Pleading affirmatively, Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Pleading affirmatively, Defendant avers that it is not a debt collector within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

### FOURTH DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff explicitly consented to allowing Defendant to contact Plaintiff on her cellular telephone.

### FIFTH DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff never revoked her consent to be contacted on her cellular telephone.

### SIXTH DEFENSE

Pleading alternatively and affirmatively, in the event Plaintiff revoked her consent to be contacted on her cellular telephone, Defendant never called Plaintiff following such revocation of consent.

## SEVENTH DEFENSE

Pleading affirmatively, Defendant avers that Plaintiff failed to request that Defendant refrain from contacting her.

And now, having fully answered, Defendant requests that the case be dismissed, with costs adjudged against Plaintiff.

          Respectfully submitted,

          GRANT, KONVALINKA & HARRISON, P.C.

          By: /s/ J. Scott McDearman
              J. Scott McDearman, Georgia Bar No. 784166
              *Attorneys for Defendant*
              633 Chestnut Street, Suite 900
              Chattanooga, TN 37450-0900
              423/756-8400 telephone
              423/756-6518 facsimile
              smcdearman@gkhpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2016, a copy of this Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

      Matthew T. Berry, Esq.
      Paul J. Seig, Esq.
      Berry & Associates
      2751 Buford Highway, Suite 600
      Atlanta, GA 30324
      matt@mattberry.com
      psieg@mattberry.com

      GRANT KONVALINKA & HARRISON, P.C.

By: /s/ J. Scott McDearman
      J. Scott McDearman, Georgia Bar No. 784166

\\Gkhdc01\ca\Matters\B354 @4890\00401 @32020\Gray, Dana\pleadings\Answer.docx